UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS GUICHARD AND**<br>**MELBA SMITH BURRELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-6559** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION "S" (5)** |

## ORDER AND REASONS

**IT IS ORDERED** that plaintiffs' motion to remand (Rec. Doc. 6) is **GRANTED**. Plaintiff's request for attorneys' fees is **DENIED.**

## BACKGROUND

On August 28, 2007, plaintiffs, Louis Guichard and Melba Smith Burrell, filed suit in Civil District Court for the Parish of Orleans against defendant, Allstate Insurance Company, alleging that their home located in New Orleans, Louisiana, was insured by defendant when the roof of their home and personal property contained therein suffered damage as a result of Hurricane Katrina. Plaintiffs further allege that they filed a claim with defendant, but defendant failed to pay them for the full value of their property loss. In addition, plaintiffs also request penalties and attorneys' fees under La. Rev. Stat. §§ 22:658 and 22:1220.

Thereafter, defendant removed the case to this court arguing diversity jurisdiction under 28 U.S.C. § 1332, because plaintiffs are citizens of Louisiana and defendant is a foreign insurer. Plaintiffs have filed a motion to remand, arguing that although the parties are diverse, this Court

does not have diversity jurisdiction because the amount in controversy does not exceed $75,000.

## DISCUSSION

**A.     Standard of Review**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The entire record is examined for a proper understanding of the true nature of the complaint. *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.1992).

**B.     Diversity Jurisdiction**

Plaintiff's argue that the amount in controversy is not met because it is facially apparent from their state court petition that their damages are $21,787.46. They further contend that it is the value of the claim and not the underlying policy limits that determines the amount in controversy. Plaintiffs argue that although they have requested attorneys' fees and penalties under La. Rev. Stat. §§ 22:658 and 22:1220, the mere possibility of recovery under these statutes is not determinative of the amount in controversy.

Defendant contends that although plaintiffs have requested approximately $22,000 in damages, their petition reveals that they also sustained roof damage to their home and that their policy provided $113,000 in coverage for the building and $79,100 for their contents. The defendant further contends that the requested penalties and attorneys' fees provided under state law must be considered in determining the amount in controversy.

In Louisiana state courts, plaintiffs are not allowed to plead a specific amount of money

damages. The United States Court of Appeals for the Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999). This burden is satisfied by the defendant either showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount, or by presenting facts supporting a finding that the jurisdictional amount is satisfied. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

When the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal. *Id.* at 1336. If the defendant meets its burden, the plaintiff can defeat removal only establishing with legal certainty that the claims do not exceed $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F. 3d 335, 339 (5th Cir. 2000).

The amount in controversy is determined by the value of the claim, not the value of the underlying policy. *Hartford Ins. Group v. Lou-Con Inc.,* 293 F. 3d 908, 911 (5th Cir. 2002). There is no indication that plaintiffs are attempting to recover their full policy limits. Although defendant argues plaintiff sustained some roof damage, defendant has not attempted to quantify the amount of roof damages actually sustained.

"If a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy." *Manguno v. Prudential Property and Casualty Insurance Company*, 276 F. 3d 720, 723 (5th Cir. 2002)(citing *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990)). The defendants contend that even assuming that only $22,000 is at issue in this case,

possible penalties due under section 22:1220 would equal $44,000, making the amount in controversy at least $66,000, and asks the court to acknowledge that attorneys' fees would be sufficient to reach jurisdictional amount. However, defendant presents no support for this premise. Defendant has not met its burden of proof that the jurisdictional amount exists, and therefore, this court does not have jurisdiction. Accordingly, the motion to remand is granted.

**C.    Attorneys' Fees**

Plaintiff's request for attorneys' fees is denied. Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir.2000). The removal in this case was not objectively unreasonable. Thus, the court denies the request for attorneys' fees.

## **CONCLUSION**

The motion to remand is granted, and the request for attorneys' fees is denied.

New Orleans, Louisiana, this 4th day of January, 2008

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**